IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ROBERT E. BAILEY | § | |
| VS. | § | CIVIL ACTION NO.  1:03-CV-1362 |
| THEODORE F. HILYAR, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, brought this civil rights action pursuant to 42 U.S.C. § 1983.  On January 25, 2007, a final judgment dismissing the case was entered, based on the jury's verdict in favor of the defendants.  Now pending are plaintiff's motions for an extension of time to file a motion for a new trial and for an extension of time to file a notice of appeal.

*I. Motions for Extension of Time to File Motion for New Trial*

Federal Rule of Civil Procedure 59(b) provides that a motion for a new trial must be filed within ten days after entry of the judgment.  The court may not extend the time to file a motion for a new trial.  FED. R. CIV. P. 6(b).  Therefore, plaintiff's motions for an extension of time to file a motion for a new trial must be denied.

*II. Motion for New Trial*

Plaintiff's first motion for an extension of time to file a motion for a new trial should be construed as a motion for a new trial because plaintiff plainly states his ground for relief.  Plaintiff requests a new trial because the defendants failed to disclose medical records from the psychiatric unit to which plaintiff was transferred shortly after the use of force.  Plaintiff states that those records would reflect the injuries he sustained during the use of force.

*A.     Timeliness*

Plaintiff's motion for a new trial was received by the court on February 13, 2007. However, a prisoner's pleading is considered filed as of the date it was delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988); *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Plaintiff's motion was dated February 5, 2007. In other post-judgment pleadings, plaintiff states that he wrote to the court on February 5, 2007. Therefore, the court finds that plaintiff's motion for a new trial was delivered to prison officials for mailing on February 5, 2007, within the ten-day time limit for filing the motion.

*B.     Merits*

Under Federal Rule of Civil Procedure 59(a), the district court has discretion to grant a new trial "to all or any of the parties and on all or part of the issues . . . for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." The district court may not grant a new trial simply because it would have reached a different conclusion than the jury did. *Peterson v. Wilson*, 141 F.3d 573, 577 (5th Cir. 1998). When a new trial is requested on evidentiary grounds, the motion should not be granted unless the verdict is against the great weight of the evidence. *Whitehead v. Food Max of Mississippi, Inc.*, 163 F.3d 265, 269 (5th Cir. 1998); *Jones v. Wal-Mart Stores, Inc.*, 870 F.2d 982, 986 (5th Cir. 1989).

Viewing the record as a whole, it is clear that there is legally sufficient evidence from which a reasonable jury could find that the defendants did not use excessive force against the plaintiff. The evidence showed that the plaintiff became agitated when an officer took his property form. The officer accused the plaintiff of assaulting her. As the plaintiff was being escorted away from the

scene, he laid down on the ground and refused orders to stand up. Plaintiff eventually stood up and began to walk, but then started to behave erratically. The escorting officers placed plaintiff against the fence. When plaintiff pushed away from the fence, the officers placed him on the ground. The defendants denied hitting or kicking plaintiff as he laid on the ground.

The jury's verdict is not against the great weight of the evidence. Further, the missing medical records would not have changed the result of the trial because plaintiff was able to testify as to his injuries. Therefore, plaintiff's motion for a new trial will be denied.

*III. Motions for Extension of Time to File a Notice of Appeal*

Plaintiff requested an extension of time to file a notice of appeal. Pursuant to Federal Rule of Appellate Procedure 4(a)(4)(A), the time to file an appeal runs from the entry of an order disposing of a motion for a new trial. Because this Memorandum Opinion and Order disposes of plaintiff's motion for a new trial, the time to file an appeal runs from the date it is entered. Therefore, plaintiff's motions for an extension of time to file a notice of appeal are premature and will be denied.

ORDER

It is accordingly **ORDERED** that plaintiff's first motion for an extension of time to file a motion for a new trial (document no. 93) is construed as a motion for a new trial and is **DENIED**. Plaintiff's second motion for an extension of time to file a motion for a new trial (document no. 95-1), and his motions for an extension of time to file a notice of appeal (document nos. 94 and 95-2) are **DENIED**. So **ORDERED** and **SIGNED** this **19** day of **September, 2007.**

_____
Ron Clark, United States District Judge